IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY FRAZIER,

    Plaintiff,

v.

SKYBOXX RESTAURANT &
SPORTS BAR, LLC, a Limited
Liability Company,

    Defendant.

CIVIL ACTION
FILE NO.

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY FRAZIER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, SKYBOXX RESTAURANT & SPORTS BAR, LLC ("SKYBOXX") ("Defendant") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Clayton County, Georgia.

4. At all times material hereto SKYBOXX was a Limited Liability Company. Further, at all times material hereto, SKYBOXX was engaged in business in Georgia.

5. At all times material hereto Defendant operated a bar/restaurant commonly known as Skyboxx Restaurant and Sports Bar.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

9. Defendant was, and continues to be, an "employer" within the meaning of FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including soft drinks, alcoholic beverages, mixers, various food items, cash register, phone, and other office equipment.

14. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

15. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. On or about October 2012, Defendant hired Plaintiff to work as a non-exempt "Line Cook."

18. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19. From at least October 2012 and continuing through November 2013, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

20. From at least October 2012 and continuing through November 2013, Defendant failed to pay Plaintiff at least federal minimum wage for all weeks worked.

21. Defendant has violated Title 29 U.S.C. §206 and 207 from at least October 2012 and continuing through November 2013, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendant failed to pay Plaintiff at least minimum wage for all hours worked in violation of the FLSA; and

   d. Defendant has failed to maintain proper time records as mandated by the FLSA.

22. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff re-alleges and re-avers paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. From at least October 2012 and continuing through November 2013, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

27. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

28. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. Plaintiff was entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendant.

33. Defendant failed to pay Plaintiff the federal minimum wage for each

week Plaintiff worked for Defendant.

34. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the federal minimum wage during one or more weeks of employment with Defendant.

35. Defendant has specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

36. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

37. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff minimum wages in the amount due to him for

Plaintiff's time worked in each work week;

e. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Plaintiff pre-judgment interest;

h. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff; and

i. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 14th day of March, 2014.

Respectfully submitted,

Andrew Frisch, Esq.
FL Bar No.: 27777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com
*Trial Counsel for Plaintiffs*